UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10CV563 RWS ) |
| ANALYTICS, INC., *et al.*, | ) ) |
| Defendants. | ) ) ) |
| MORRIS-ANDERSON & ASSOC., LTD., | ) ) |
| Receiver, | ) |

## **MEMORANDUM AND ORDER**

Movant Alireza Bakhtiari has filed an objection to the distribution plan of the Receiver in this action. Bakhtiari states that he received a judgment against Defendant Chemir Analytical Services, LLC on June 15, 2010. On August 2, 2010, Bakhtiari placed a judgment lien on Chemir's assets. He also acknowledges that Plaintiff has a perfected security interest in all of the assets of Chemir which predates his judgment and lien by more than two years.

The Receiver states in its response to Bakhtiari that no relief can be granted to his objection because no distribution plan exists. In addition, the Receiver notes that Bakhtiari fails to present any legal basis why the judgment he received should be granted a higher priority than the Plaintiff's perfected security interest which predates Bakhtiari's judgment and lien.

I will deny Bakhtiari's objection because he is objecting to a distribution plan that does not exist. Moreover, Bakhtiari perfected his judgment lien on the assets of Chemir more than two years after Plaintiff had perfected a security interest in all of Chemir's assets. The fact that

Bakhtiari began his litigation with Chemir in late 2006 does not make his judgment lien against Chemir superior to Plaintiff's perfected security interest. Until Bakhtiari received a judgment he had no legal basis to file a lien on Chemir's assets. Bakhtiari's statement in his objection that the Missouri Revised Statutes §§ 400.0-301 to 306 cannot be construed to give Plaintiff's perfected security interest priority over Bakhtiari's later perfected judgment lien is without merit or legal support. Plaintiff's secured interest in Chemir's assets was perfected before Bakhtiaris' lien and is therefore superior to Bakhtiari's lien. See 400.9-322(a)(1).

Bakhtiari's judgment specifically provides him with an allowed claim in the receivership. However, he will have to wait with all of Chemir's other creditors to see if any assets remain for distribution after Plaintiff's secured interest is satisfied.

Accordingly,

**IT IS HEREBY ORDERED that** Movant Alireza Bakhtiari's objection to distribution plan of receiver [# 81] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2010.