# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **BANK OF AMERICA, a national banking association,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 4:10-cv-00563-RWS** |
| **v.** | ) ) | |
| **ANALYTICS, INC., a Missouri corporation, *et al.*,** | ) ) ) | |
| **Defendants.** | ) ) ) | |

## SECOND APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES FILED BY MORRIS-ANDERSON & ASSOCIATES, LTD.

### (Summary of Request)

| Name of Applicant | Morris – Anderson & Associates, Ltd. |
|---|---|
| **Date of Approval of Employment** | April 9, 2010 |
| **Identity of Party Represented** | Receiver |
| **Time Period Requested** | September 1, 2010 through December 31, 2010 |
| **Amount of Fees Requested** | $368,741.25 |
| **Amount of Expenses Requested** | $29,194.24 |
| **Previous Fee Orders** | January 13, 2011 (Dkt. 121) |

COMES NOW Morris-Anderson & Associates, Ltd. ("Morris-Anderson" or the "Receiver"), the Receiver in this matter, by counsel, and for its Second Application for Allowance of Fees and Expenses (the "Fee Application") states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## BACKGROUND

2.       On April 1, 2010 the plaintiff, Bank of America ("Bank of America") commenced this action.   Bank of America thereafter immediately moved for the appointment of a Receiver.

3.       On April 9, 2010, this Court entered its order appointing Morris-Anderson as the Receiver for Analytics, Inc., Aniclin Preclinical Services LLC, Chemir Analytical Services LLC, Cas-MI Laboratories LLC and the Division of Azopharma Contract Pharmaceutical Services LLC that was formerly known as Cyanta Analytical Laboratories, Inc. (collectively, the "Receivership Companies").

4.       Thereafter, on May 3, 2010, this Court entered an Amended and Restated Order of Appointment.

5.       In addition to acting as the receiver for the Receivership Companies, Morris-Anderson is also acting as an investment banker in the marketing and selling of the businesses and assets of Analytics, Inc., Chemir Analytical Services, LLC, CAS-MI Laboratories, LLC and the division of Azopharma Contract Pharmaceutical Services, LLC that was formerly known as Cyanta Analytical Laboratories, Inc. prior to a merger in or about September, 2009 (collectively, the "Operating Companies") pursuant to that certain *Order Authorizing Morris-Anderson & Associates, Ltd. To Act as Investment Banker for Operating Companies and Altering the Receiver's Compensation Structure Accordingly*, entered on August 24, 2010 (Dkt. No. 79) (the "Investment Banker Order").

6.       On February 23, 2011, the Court entered an Order approving the sale of substantially all of the assets of the Operating Companies to EAG, Inc. (Dkt. No. 147) (the "EAG Sale").  The EAG Sale has not yet closed.

7.       To compensate it for work performed as an investment banker for the Operating Companies, pursuant to the Investment Banker Order, Morris-Anderson will receive a transaction fee upon the closing of the EAG Sale and upon the closing of any subsequent sale involving all or part of the Operating Companies' assets (the "Transaction Fee").

8.       Before entry of the Investment Banker Order, Morris-Anderson had already begun work on investment banking related activities for the Operating Companies.  To the extent that any hourly

compensation has been paid to the Receiver as a result of its work on investment banking related activities for the Operating Companies ("Investment Banking Hourly Compensation"), Morris-Anderson will credit these payments against the amount of the Transaction Fee.

## FEES AND EXPENSES

9.      On January 13, 2011, the Court entered an Order approving the Receiver's fees and expenses incurred during the period of April 7, 2010 through August 31, 2010 (Dkt. No. 121).

10.     The Application covers the period from September 1, 2010 through and including December 31, 2010 (the "Compensation Period").

11.     Morris-Anderson maintains detailed daily records in the ordinary course of its business. These time records are prepared contemporaneously with the rendition of services to the client.  These time records describe the person performing the services, the date services are rendered, a detailed description of services and the length of time spent delivering those services.

12.     The services provided by Morris-Anderson during the Compensation Period have been actual and necessary.  Reasonable compensation for such services based on the time, the nature, the extent and value of such services, and the costs of such services is $368,741.25, as is more particularly described in the Summary of Fees by Project and the Summary of Time Records attached hereto as **Exhibit A** and incorporated by reference herein.

13.     Morris-Anderson has incurred expenses in this matter during the Compensation Period for which it seeks reimbursement in the aggregate sum of $29,194.24, which is more particularly described on **Exhibit A** attached hereto and incorporated by reference herein.

## STATUS OF CASE

14.     During the Compensation Period, Morris-Anderson's representation has focused on the following projects:

> A.      **Receiver/Legal Related**   This project includes activities related to the receivership including: securing properties, communication with unsecured creditors, preparation of materials per request of the court and/or federal

- 3 -

receivership process.  This project also includes response to litigation matters and creditor claims.

B.   **Financial Advisory.** This includes consulting, advisory and support functions on all facets of the Receivership Companies' operations and financial condition including review and analysis of cash flow forecasts, budget to actual variance and other items related to financial management.

C.   **Customer Management/Accounts Receivable Collection.**   This includes activities related to communications, inquiries, and efforts to collect accounts receivable, determine vendor payments, manage check disbursements and other related work.

D.   **Wind-Down related / Sale of Company / Assets.**  This includes managing the wind-down and sale of the AniClin business unit as well as reviewing and coordinating the efforts to sell hard/fixed assets related to Azopharma.

E.   **Managerial Advisory / Operational Improvements.** This includes monitoring, assessing and reviewing business operations and managing improvements including: sales, operations, HR, Accounting, IT, and administrative staff.  This project also includes all activities related to strategic planning and integration/consolidation of Analytics' operating divisions. This specifically includes all IT infrastructure upgrade work

15.   Morris-Anderson has accounted for its fees by using the foregoing projects, as detailed on **Exhibit A** attached hereto.  Because of the difficulty of characterizing time entries that could relate to more than one project, Morris-Anderson has, in some instances, used its best judgment to assign a particular entry to one of the foregoing projects.

16.   Morris-Anderson routinely provides copies of its invoices on a weekly basis to the counsel for the Receivership Companies.

## JOHNSON FACTORS

17.     A receiver appointed by a court that reasonably and diligently discharges its duties is entitled to be fairly compensated for services rendered and expenses incurred.  See generally 65 Am. Jur. 2d, Receivers § 219 (2d ed. 2010); Jeffrey F. Ghent, Annotation, "Measure and Amount of Compensation of Receiver Appointed by Federal Court,"  6 A.L.R. Fed. 817, §§ 3-9 (1971 & Supp. 2008).  The amount of compensation is to be determined by the court in the exercise of its reasonable discretion.  Gaskill v. Gordon, 27 F.3d 248, 253 (7th Cir. 1999); United States v. Code Prods. Corp., 362 F.2d 669, 673 (3d Cir. 1966).

18.     Fees in matters of this sort are frequently evaluated by reference to the twelve factors (the "*Johnson* Factors") for allowance of compensation set forth in *Johnson v. Georgia Highway Express*, 388 F.2d 714 (5th Cir. 1974).  *See also P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728 (8th Cir. 1992); *Chamberlain v. Kula (In re Kula)*, 213 B.R. 729, 736-39 (B.A.P. 8th Cir. 1997); *In re Grimes*, 115 B.R. 639, 642-43 (Bankr. D.S.D. 1990).

19.     The *Johnson* Factors are as follows:

A.     *The time and labor required*.  Morris-Anderson has staffed this engagement primarily with three individuals: Terry Bartz and Aaron Gillum, who are primarily responsible for the day to day management of the engagement, and Dan Dooley, who supervises them.  Mr. Bartz and Mr. Gillum have allocated their duties to eliminate duplication.  **Exhibit A** contains a detailed description of the time spent by Morris-Anderson on this matter during the Compensation Period and includes a complete description of the tasks performed.  In addition to the work performed in the general management of the Receivership Companies, during the Compensation Period the Receiver also analyzed and conducted an information technology audit of the infrastructure systems of the Receivership Companies and implemented upgrades across all divisions to ensure business continuity.  This work was primarily done by Rene Pererra, John Prejean, Jeremy

Witz and Dave Smith.  **Exhibit A** contains a breakdown of the hours worked by each of these individuals each day during the Compensation Period.  However, a detailed description of the work performed each day is not provided because the task description remained the same over the entire course of the project.  This task description is given at the top of the sheet providing time detail for these individuals.

B.      *The novelty and difficulty of the questions*.  This matter is complex, and the issues involved have been both novel and difficult.   Many of the Receivership Companies' businesses are highly regulated and quite specialized.  The business operations of the Receivership Companies are spread across different project lines and different services and dispersed throughout several locations.   The Receiver's tasks in this case are novel and far more complex than the average receivership case in this market.

C.      *The skill required to perform professional services properly*.   All of the professionals used by Morris-Anderson in this engagement are experienced in managing diverse businesses in distressed situations.   This engagement required Morris-Anderson to assume control of four different business lines located in three states and to begin stabilizing their businesses immediately.   Morris-Anderson had to calm vendors and reassure customers.   The entire Cyanata business had to be re-started.   Anclin was liquidated under unusual, to say the least, circumstances.

D.      *The preclusion of employment due to acceptance of the case*.  Acceptance of this case did not preclude other employment.

E.      *The customary fee*.   The rates charged by Morris-Anderson in this case are commensurate with rates it charges similar clients in similar matters.

F.      *Whether the fee is fixed or contingent*.  The fees requested herein are based on neither a fixed nor contingent fee basis.  As the Court is aware, Morris-Anderson performs investment banking and merger & acquisition advice on a separate transaction percentage basis.   None of the time spent by Morris-Anderson personnel that relates to the sale of the businesses is included in the amounts requested herein.

G.      *Time limitations imposed by the client or the circumstances*.  This case poses the normal time pressures inherent in any Receivership.

H.      *The amount involved and the results obtained*.  Morris-Anderson submits that the fees requested are appropriate in light of the results achieved.  Details regarding the results obtained are available in the quarterly reports filed by the Receiver with the Court on February 7, 2011 (Dkt. 123) and October 6, 2010 (Dkt. 85)

I.      *The experience, reputation and ability of the professionals*  Morris-Anderson is a well known business advisory and turnaround consulting firm. Since 1980, Morris-Anderson has been involved with more than 1,400 underperforming companies.

J.       *The undesirability of the case*. This is not an undesirable case. In fact, Morris-Anderson is privileged to serve as the Receiver in this matter.

K.      *The nature and length of the professional relationship with the client*.  Morris-Anderson had no previous relationship with the Company.  Morris-Anderson has worked both with, against and for the plaintiff, Bank of America., on other matters.

L.      *Awards in similar cases*.  Since receivership cases are not separately listed on the Civil Cover Sheet, it is impossible (so far as the Receiver can ascertain) to track the number of federal receiverships filed in the Eastern District of Missouri. There is nothing unusual about the fees awarded in this case.  The Receiver's

compensation is calculated by multiplying the hours billed by the number of hours worked, except for the investment banking services which will be calculated pursuant to the Investment Banking Order.

### REQUEST FOR WAIVER OF LOCAL RULE 7-4.01

20.    Because the Receiver has identified the legal authority on which it is relying, the Receiver respectfully requests that the Court waive the requirement set forth in Rule 7-4.01(A) of the Local Rules for the United States District Court for the Eastern District of Missouri that it file a separate memorandum in support of the relief requested herein.

WHEREFORE, Morris-Anderson respectfully requests that this Court allow fees in the amount of $368,741.25, expenses on an interim basis in the amount of $29,194.24, authorizing and directing the Company to pay all allowed fees and expenses that have not been previously paid to-date, waive the requirements of Rule 7-4.01(A) of the Local Rules for the United States District Court for the Eastern District of Missouri and grant such other and further relief as is just and equitable.

Dated:  March 21, 2011

THOMPSON COBURN LLP

By: _/s/  David A. Warfield_____
    David A. Warfield (EDMo # 34288MO)
    dwarfield@thompsoncoburn.com
    Allison E. Graves (EDMo # 5217003)
    agraves@thompsoncoburn.com
    One US Bank Plaza
    St. Louis, MO 63101
    Ph.  314.552.6000
    Fax: 314.552.7000

Attorneys for the Receiver

### Certificate of Service

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all parties receiving notice through the Court's CM/ECF system this 21st day of March, 2011.

_/s/ David A. Warfield_____