**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 4:10-cv-00563-RWS |
| ) | |
| ANALYTICS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT OF RECEIVER**

COMES NOW Morris-Anderson & Associates, Ltd. (the "Receiver"), the duly-appointed Receiver in this matter, by and through its undersigned counsel, and hereby submits its fifth quarterly report for the above-captioned receivership.

During the quarter beginning April 1, 2011 and ending June 30, 2011 the Receiver worked diligently to obtain the items necessary to have the $800,000 being held in escrow pursuant to the terms of an escrow agreement between the Receiver and EAG, Inc. ("EAG") released to the Receiver. The Receiver has provided EAG with all tax clearance certificates, tax returns and other documentation it believes are required under the terms of the escrow agreement and the asset purchase agreement as amended, with the exception of a conditional tax clearance from the State of Michigan for CAS-MI Laboratories, LLC (the "Michigan Tax Clearance"). The Receiver is continuing to work with the Tax Clearance Section of the Michigan Department of Treasury to resolve the remaining issues related to the Michigan Tax Clearance, and the Receiver anticipates that all such issues will be resolved within two to three months. All attempts by the Receiver through counsel to expedite this process have been unsuccessful to date but we believe that the State of Michigan should now have virtually all of the information necessary to issue the requested tax clearance.  The Receiver is in regular contact with representatives of EAG providing updates on the progress of securing the additional tax clearance documentation as the information develops.  As soon as these remaining issues are resolved, the full amount of the funds being held in escrow should be released to the Receiver.

1

The Receiver has also been engaged in winding down the receivership generally, including shutting down the old Analytics 401(k) plan and preparing 2010 federal and state income tax returns. The Receiver has encountered numerous logistical roadblocks in winding down the 401(k) due, in large part, to access to necessary data. Because the Analytics 401(k) encompassed employees of Azopharma and other entities not part of the Receivership, access to accurate and complete payroll data has been extremely difficult to secure. The first step in closing down a 401(k) is an accurate and complete census of all plan participants necessitating access to complete and accurate payroll records. That issue was largely resolved in late July when the required data was provided by Azopharma's previous payroll service provider and the process is back on track for an orderly wind down. All applicable 2010 income tax returns have been prepared in draft form and are currently under valid extensions of time to file until September 15, 2011, and the Receiver expects that all returns will be timely filed as they become due.

Once the funds are released from escrow and all other aspects of the wind down of the receivership are complete, the Receiver anticipates that it will have funds sufficient to make distributions to the parties and in the approximate amounts set forth on **Exhibit A** attached hereto and incorporated by reference herein. Plaintiff Bank of America, N.A. is still working internally and with the Receiver to determine the amounts owed to it by the Defendants, so the distributions are estimated based on the amount the Receiver believes is currently due and owing to Bank of America. The distribution amounts set forth on **Exhibit A** are subject to change based on adjustments in the distribution to be made to Bank of America and on the occurrence of unforeseen circumstances.

Dated: August 17, 2011	Respectfully submitted,

                                                        THOMPSON COBURN LLP

By:  */s/ David A. Warfield*
     David A. Warfield, ED Mo. #34288MO
     Allison E. Graves, ED Mo. #60748MO
     One US Bank Plaza
     St. Louis, MO 63101
     (314) 552-6000
     Fax (314) 552-7000
     dwarfield@thompsoncoburn.com
     agraves@thompsoncoburn.com

*Attorneys for Receiver Morris-Anderson & Associates, Ltd.*

## CERTIFICATE OF SERVICE

     I hereby certify that on August 17, 2011 the foregoing was served upon all parties receiving notice through the Court's CM/ECF system.

                                                        */s/ David A. Warfield*

**EXHIBIT A**

**Analytics Inc.**

**Distribution Analytis of Waterfall Forecast of Outstanding Claims on Receivership Estate**
**As of August 1, 2011**
**($ thousands)**

| Activity to Date: | | |
|---|---:|---:|
| Beginning Cash Balance (April 1, 2011) | $ | 3,433 |
| *Plus* | | |
| Receipts (vendor refunds, etc.) | | 37 |
| | | 3,470 |
| *Minus* | | |
| **Wind-down Costs (actual)** | | |
| MorrisAnderson Investment Banking Fee | 631 | |
| Accounts Payable[3] | 391 | |
| Accrued Bonus (Compensation) | 253 | |
| Accrued PTO (Compensation) | 74 | |
| Accrued Expenses | 35 | |
| Customer pre-payments | - | |
| HRA Claims[4] | 29 | |
| Section 125 Plan[4] | 9 | |
| Taxes (incl. State, Penalties, etc.)[4] | 11 | |
| Professional Fees[5] | 131 | |
| | | 1,564 |
| **Current Balance (as of August 1, 2011)** | $ | 1,906 |

| Estimated Remaining Distributions: | | |
|---|---:|---:|
| Current Balance (as of August 1, 2011) | $ | 1,906 |
| *Plus* | | |
| Escrow Funds[6] | | 800 |
| | | 2,706 |
| *Minus* | | |
| **Remaining Wind-down Costs (est.)** | | |
| Retention Bonus (Compensation) | 135 | |
| 401(k) Shut-down | 30 | |
| Professional Fees[5] | 118 | |
| Other Close-down and Contingency Costs[7] | 100 | |
| | | 383 |
| **Remaining Senior Lender Debt (est.)** | | |
| Loan Principal (paid)[8] | - | |
| Interest on Principal (as of 8/15/2011) | 1,919 | |
| Legal & Professional (as of 8/15/2011) | 334 | |
| | | 2,253 |
| **Estimated Balance after Priority Distributions** | $ | 70 |
| **Funds Remaining for Creditors, Taxing Authorities, etc.** | $ | 70 |

*Notes:*
1) Recovery assumes that all costs are made and the priortization of distributions.  May require opinion of counsel and approval of judge before final distributions will be made.
2) Wind-down costs include expenses of the administration.
3) Post Receivership payables only; does not include pre-receivership payables.
4) Includes several tax payments made to satisfy buyer of receivership tax claims.
5) Professional Fees include MorrisAnderson (receiver), ThompsonCoburn (legal) and SFW (audit).
6) Assumes full recovery of funds placed into escrow.
7) Includes employee W2s and other events not anticipated.
8) Principal loan balance was paid in-full post-transaction closing.